James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Dayle B. FORTNEY, City of Louisville, Division of Fire, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

June 15, 1979.

Denis S. Kline, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

John Frith Stewart, Rex Dunn, Louisville, for appellee Dayle B. Fortney.

Stuart E. Alexander, Asst. Director of Law, Louisville, for appellee City of Louisville.

Before HAYES, REYNOLDS and VANCE, JJ.

VANCE, Judge.

Dayle B. Fortney is a major in the Division of Fire of the City of Louisville. His duties include going into burning buildings to ascertain the progress of a fire in order to decide upon and supervise a plan for combatting the blaze. On September 28, 1976, while inside a burning building, Fortney suffered severe pains radiating from his chest to his neck, ears and left arm. His condition was diagnosed as severe atherosclerotic heart disease, and he subsequently underwent a coronary bypass operation for relief of his symptoms. Fortney filed a claim for disability benefits, and the Workmen's Compensation Board determined that he was 30% occupationally disabled, apportioning the liability 15% to the employer and 15% to the Special Fund. The Special Fund appealed to the circuit court alleging that the Board erred in charging it with liability for any portion of the award. The circuit court upheld the decision of the Board and dismissed the Fund's appeal.

Upon appeal to this Court, the Fund's primary contention is that K.R.S. 342.120 limits the situations in which its liability arises to the following:

(1)(a) The employe is disabled, whether from a compensable injury, occupational disease, preexisting disease, or otherwise, and has received a subsequent compensable injury by accident, or has developed an occupational disease;

(b) The employe is found to have a dormant nondisabling disease or condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease.

It is the Fund's position that the incident of September 28, 1976 was not a subsequent injury or subsequent occupational disease as contemplated by the statute, but merely the time at which Fortney became aware of the dormant nondisabling condition. The Fund argues that in this situation, where there is no subsequent injury, there is no legitimate reason to relieve the employer of the responsibility for any of the liability.

We are of the opinion that the Fund is correct in asserting that the evidence contradicts the Board's finding that Fortney sustained an "injury" on September 28, 1976. The medical testimony by several physicians indicates that the pain suffered by Fortney on that date caused no discernible damage to his heart, but rather acted as a "warning signal" of the then undetected atherosclerotic condition.

In *Haycraft v. Corhart Refractories Company*, Ky., 544 S.W.2d 222 (1976), the Court considered a similar problem with respect to a degenerative disc condition. There the Court noted that "although a particular affliction is of common occurrence among the population in general, it may nevertheless be found to be work-connected, hence compensable, when the nature of the victim's occupation has increased the victim's susceptibility to it." 544 S.W.2d at 224. In the instant case, the physicians testified that studies have established that firefighters have an increased tendency to develop coronary atherosclerosis as compared with the general population. They were unable, however, to state what proportion of Fortney's disability was ascribable to his occupation and what pro-

portion may have developed because of other factors such as smoking. The Board likewise failed to make a finding as to the percentage of Fortney's disability that was due to factors other than his occupation.

We believe that the holding in *Haycraft* provides the proper resolution of the issue raised in this case. The Court stated:

We are therefore of the opinion that if it be found, or should be found, that the nature and duration of the work probably aggravated a degenerative disc condition to the degree that it culminated in an active physical impairment sooner than would have been the case had the work been less strenuous, to that extent the pre-existing condition is itself an injury as now defined in KRS 342.620(1), and that compensation for a disability to which it has contributed should be apportioned between the employer and the Special Fund as follows: (1) to the Special Fund, that portion of the disability that probably would exist regardless of the work; (2) to the employer, the remainder, being the percentage attributable to the work. 544 S.W.2d at 225.

As the Board failed to make the findings necessary to the disposition of this issue, we conclude that the case must be remanded for a determination of the percentage of Fortney's disability that is attributable to his employment and that which is the result of other factors.

The judgment of the circuit court is reversed with directions to remand the case to the Workmen's Compensation Board for proceedings consistent with this opinion.